The opinion of the court was delivered by
Fenner, J.
The record presents two bills of exception to rulings of the judge in the empaneling of the jury which tried the cause.
*1171 The first bill was taken to a ruling sustaining a challenge for cause, by the State of a juror, on the ground of scruples against capital punishment. The juror first stated that he had scruples against capital punishment; then, in answer to question by counsel for accused, said that if the evidence showed such a state of facts as to justify hanging, he would render a verdict which would carry with it that penalty; then, in answer to question by the court as to whether he had scruples against capital punishment, said he was opposed to hanging. The ease being capital, we think these statements evince a condition of mind rendering his competency so doubtful that we should be disinclined to disturb the ruling of the judge. But even if there was error, it does not follow that there was injury to accused. If the challenge for cause had been overruled, the State might still have challenged him peremptorily; and nothing on the bill or in the record suggest that the State had exhausted or ever did exhaust her peremptory challenges.
The second bill is to a ruling of the court refusing an exemption from jury service pleaded by a juror. This bill has no merit for two reasons:
1. It is well settled that exemption from jury duty is a personal privilege, and in no sense a disqualification. If the juror had not urged his exemption, his service on the jury would not have vitiated the verdict; and the overruling of his plea, even if erroneous, would be a matter of complaint for the juror, not for defendant. State vs. Morning Star, 23 An. 8; State vs. Guidry, 28 An. 630; Thompson & Merriam, Juries, Sec. 40.
2. In this case the juror did not serve, but was peremptorily challenged by accused; and the bill shows that the latter’s peremptory challenges were never exhausted. Under our repeated rulings this circumstance deprives accused of any claim to relief. State vs. Simmons, 38 An. 41; State vs. Creech, Id. 480.
Suggestion is made of error on the face of the record in this, that the verdict, though written, was not signed by the foreman, and the jury was not polled. This is frivolous. The verdict need not be written, and, if written, need not be signed. State vs. Avery; Mannings’ Unrep. Cases, 258; State vs. Simon, 37 An. 569; State vs. Smith, 33 An. 1416.
If defendant desired the jury to be polled, he should have demanded it at the time.
Judgment affirmed.